IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02137-BNB

ALBERT M. GRAHAM,

     Applicant,

v.

JUDGE DAVID M. THORSON, Div. 1, Fremont County Dist. Court,

     Respondent.

---

ORDER OF DISMISSAL

---

     Applicant, Albert M. Graham, is an inmate at the Fremont County Detention Center in Cañon City, Colorado.  Mr. Graham has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) asking the Court to intervene in his state court criminal case.  Mr. Graham specifically claims that his federal constitutional rights to due process and a speedy trial have been violated.  As relief he asks that the criminal charges be dismissed and that he be released from custody.

     The Court must construe the application liberally because Mr. Graham is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the application will be denied and the action will be dismissed.

     A state prisoner subject to untried charges may bring a pretrial habeas corpus

action in federal court pursuant to 28 U.S.C. § 2241 to "demand enforcement of the

[State's] affirmative constitutional obligation to bring him promptly to trial." *Braden v.*

*30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).  In the instant action, Mr.

Graham is not demanding enforcement of his right to be brought to trial promptly.

Instead, he seeks to have this Court intervene in the state court proceedings and enter

an order dismissing the criminal charges against him so that he may be released from

custody.  The Court may not do so.

Absent extraordinary or special circumstances, federal courts are prohibited from

interfering with ongoing state criminal proceedings.  *See Younger v. Harris*, 401 U.S. 37

(1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).  Abstention is

appropriate if three conditions are met: "(1) the state proceedings are ongoing; (2) the

state proceedings implicate important state interests; and (3) the state proceedings

afford an adequate opportunity to present the federal constitutional challenges."

*Phelps*, 122 F.3d at 889.

The first condition is met because Mr. Graham concedes that the state court

proceedings are ongoing.  The second condition also is met because the Supreme

Court "has recognized that the States' interest in administering their criminal justice

systems free from federal interference is one of the most powerful of the considerations

that should influence a court considering equitable types of relief." *Kelly v. Robinson*,

479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45).  With respect to the third

condition, Mr. Graham fails to demonstrate the absence of an adequate opportunity to

present his claims in the state proceedings.  In fact, Mr. Graham concedes that he has

raised his claims in the state court proceedings in various motions.  The fact that those

motions have not been successful does not demonstrate Mr. Graham lacks an

adequate opportunity to present his claims.

Mr. Graham "may overcome the presumption of abstention 'in cases of proven

harassment or prosecutions undertaken by state officials in bad faith without hope of

obtaining a valid conviction and perhaps in other extraordinary circumstances where

irreparable injury can be shown.'" *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*,

401 U.S. 82, 85 (1971)).  However, the fact that Mr. Graham will be forced to appear in

state court on criminal charges, by itself, is not sufficient to establish great and

immediate irreparable injury.  *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548

F.2d 891, 894 (10th Cir. 1977).

Courts have considered three factors in determining whether a prosecution is

commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably
> objective hope of success; (2) whether it was motivated by
> the defendant's suspect class or in retaliation for the
> defendant's exercise of constitutional rights; and (3) whether
> it was conducted in such a way as to constitute harassment
> and an abuse of prosecutorial discretion, typically through
> the unjustified and oppressive use of multiple prosecutions.

*Phelps*, 122 F.3d at 889.  It is Mr. Graham's "'heavy burden' to overcome the bar of

*Younger* abstention by setting forth more than mere allegations of bad faith or

harassment." *Id.*

Mr. Graham fails to demonstrate that the criminal case against him was

commenced with no reasonable hope of success.  He also fails to demonstrate any

improper motivation for the charges.  Finally, there is no indication that the criminal case

against Mr. Graham has been conducted in such a way as to constitute harassment or

an abuse of prosecutorial discretion.  Therefore, the Court finds that *Younger* abstention

is appropriate in this action.

In summary, the instant action will be dismissed because Mr. Graham fails to

allege facts that indicate he will suffer great and immediate irreparable injury if the Court

does not intervene in the ongoing state court criminal proceedings.  If Mr. Graham

ultimately is convicted in state court and he believes that his federal constitutional rights

were violated in obtaining that conviction, he may pursue his claims in federal court by

filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he

exhausts state remedies.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from

this order would not be taken in good faith and therefore *in forma pauperis* status will be

denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Mr. Graham files a notice of appeal he also must pay the full $505 appellate

filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2241 (ECF No. 1) is denied and the action is dismissed without prejudice.  It is

FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __12th__ day of __August__, 2014.

BY THE COURT:


        s/Lewis T. Babcock
        LEWIS T. BABCOCK, Senior Judge
        United States District Court